# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 30, 2006

William McCool
Clerk, U.S. District Court
U.S. Courthouse
401 SE 1ST AVE
GAINESVILLE FL 32601-5806

**Appeal Number: 05-15887-J**
Case Style: In Re: Kenneth Weaver
District Court Number: 05-00252 CV-MMP-AK

The enclosed certified copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Deborah Hall (404) 335-6189

Encl.



DIS-4 (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



No. 05-15887-J

Dist. Ct. Dkt. No. 05-00252-CV-MMP-AK

IN RE:

KENNETH WEAVER,

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Florida

BEFORE: ANDERSON and BIRCH, Circuit Judges.

BY THE COURT:

Kenneth Weaver, a state prisoner proceeding pro se, has filed a mandamus petition. Weaver's mandamus petition briefly recites the procedural history of his case, cites propositions of law without explaining how they apply to his case, and asks this Court to issue mandamus relief. However, he does not specify the nature of the relief he seeks.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. Id. The

petitioner has the burden of showing that he has no other avenue of relief and that his right to relief is clear and indisputable. See Mallard v. United States Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

In this case, mandamus relief is not available because Weaver has not shown a clear and indisputable right to relief. In his mandamus petition, Weaver briefly recites the procedural history of his case, cites propositions of law without explaining how they apply to his case, and asks this Court to issue mandamus relief. However, he does not specify the nature of the relief he seeks. Because Weaver has not shown that he has a clear and indisputable right to the issuance of the writ, mandamus relief is unavailable. Accordingly, Weaver's mandamus petition is **DENIED**.